UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASHLEEN CHAND,

                  NO. CIV. S-10-0082 LKK/JFM

    Plaintiff,

  v.

                  O R D E R

MONUMENTAL LIFE INSURANCE
CO., and DOES 1 through 25,
inclusive,

    Defendants.

                             /

    This case involves an insurance claim arising from the death of plaintiff's husband. Defendant argues that plaintiff's jury demand is untimely and, thus, should be stricken. For the reasons described below, defendant's motion is denied.

**A.    Procedural History**

    On November 13, 2009, plaintiff filed the instant action in Sacramento County Superior Court. Dkt. No. 1. On January 11, 2010, Defendant filed a notice of removal. Id. The notice of removal did not include a certificate of service. On January 26,

1

2010, defendant filed a certificate of service for the notice of removal. Dkt. No. 5. This certificate, while dated on January 26, 2010, states that the notice of removal was served by mail on plaintiff on January 15, 2010. On February 4, 2010, Plaintiff filed a demand for jury trial. Dkt. No. 8. Plaintiff's counsel has testified that his office was served with the notice of removal on January 28, 2010. Dkt. No. 17. Nonetheless, on February 11, 2010, plaintiff received notice of electronic filing as to the civil cover sheet in this case. On March 23, 2010, defendant moved to strike plaintiff's jury demand as untimely.

**B.  Argument**

Defendant moves to strike plaintiff's demand for a jury trial as untimely. Under Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendant argues that the jury trial demand is untimely under Federal Rule of Civil Procedure 81(c)(3)(B), which provides that, when required, such a demand must be made within 14 days of service on the plaintiff of the notice of removal. Pursuant to Federal Rules of Civil Procedure 5(b)(2)(C) and 6(d), service is effected seventeen days after mailing.

The court need not decide whether plaintiff's jury demand was timely, however, because defendant did not timely file its motion to strike.[1] Under Federal Rule of Civil Procedure

---

[1] The court notes that even if this motion were timely, it would likely have found the jury demand to be timely.

2

12(f)(2), a motion to strike must be filed within twenty-one (21) days after being served with the pleading. Here, defendant was electronically served on February 4, 2010, yet waited forty-seven days to file its motion to strike. Thus, defendant's motion to strike plaintiff's jury demand is denied as untimely.

**C.   Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion to strike plaintiff's demand for jury trial, Dkt. No. 9, is DENIED.

The court further orders that the hearing on this motion, set for May 24, 2010, is VACATED.

IT IS SO ORDERED.

DATED:  May 18, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3